McGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration
MARCELO ILLARMO (MABN 670079)
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8944
    Facsimile: (415) 744-0134
    Email: Marcelo.Illarmo@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLENN A. WESTFALL, | ) | No. 2:19-cv-00957-DB |
| | ) | |
|     Plaintiff | ) | **STIPULATION AND** |
| | ) | **ORDER FOR AWARD OF ATTORNEY'S** |
| v. | ) | **FEES UNDER THE EQUAL ACCESS TO** |
| | ) | **JUSTICE ACT (EAJA)** |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     Defendant | ) | |
| | ) | |
| _____ | ) | |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff shall be awarded attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. sec. 2412(d), in the amount of eight thousand dollars and zero cents ($8,000.00); and no costs under 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

    After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to his counsel, Jared Walker.  Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department

of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

     Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Jared Walker, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Jared Walker.

     This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Jared Walker, including his firm, may have relating to EAJA attorney fees in connection with this action.

     This award is without prejudice to the rights of Jared Walker to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA .

Respectfully submitted,

Dated: December 29. 2020

By: */s/ Jared Walker\**
JARED WALKER
*\* By email authorization on 12/28/20*
Attorney for Plaintiff

Dated: December 29, 2020   McGREGOR W. SCOTT
United States Attorney

By: */s/ Marcelo Illarmo*
MARCELO ILLARMO
Special Assistant United States Attorney

*Westfall v. Saul*     Stipulation and Order     E.D. Cal. 2:19-cv-00957-DB

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED. It is also ordered that the December 15, 2020 motion for attorney's fees (ECF No. 19) is denied as having been rendered moot.

DATED: FEBRUARY 12, 2021     /s/ DEBORAH BARNES
                              UNITED STATES MAGISTRATE JUDGE